Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment rendered by the court below, in an action of ejectment brought by the appellees, to recover the possession of a tenement in the town of Augusta.
Hardin for appellant, Bibb for appellee.
-To repel the Trustees’ recovery, the present appellants introduced a deed of bargain and sale, executed in 1812,T by persons stiling themselves trustees, for- the ground in contest, to the appellants, but the court being of opinion the deed was void, so instructed the jury; and the first question now presented for considération, involves the propriety of that instruction.
The town appears to have been established by the county court of Bracken, under the general law regulating towns, but the court below seems to have predicated its opinion against the deed alluded to, on the grounds of it hot containing such a consideration as is required by the act of January 1809, concerning said town, and on account of it not, in other respects, conforming to the requisitions of that act.
But in our investigations we have not thought it material to enquire into the correctness of the reasons which seem to have influenced that court, because we are satisfied that neither under the general law regulating towns, nor the act of 1809, were the trustees authorised to convey the ground in question.
They can have derived no authority under the general law; because, from that, the trustees cannot convey the streets and allies; and from the orders of the county court establishing the town, together withjhe plat of the town given in evidence, we are of opinion tile-ground in contest was conclusively shewn to be within water street. »
Water street, from those documents, unquestionably extends from the lots designated in the plat of the town north-wardly to the Ohio river; and if so, it - is equally clear the trustees can have gained no authority to sell and convey the ground in contest under the act of 1809; for by that act it is the ground north of water street, and that only which the legislature directed tobe sold.
if, then, we are correct in the view we have thus taken of the cause, it not only follows that the deed given in evidence was void, but it will also be perceived, that we accord with the court below in their construction given to the orders of court, establishing the town, and the plat used on the trial. Hence it results, that the judgment of that court must be affirmed, with cost.